15-1582-cr
*U.S. v. Bobby Cain*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand sixteen.**

PRESENT:  JON O. NEWMAN,
      JOSÉ A. CABRANES,
         *Circuit Judges,*
      JANE A. RESTANI,
         *Judge.*[*]

---

UNITED STATES OF AMERICA,

    *Appellee,*

    v.              15-1582-cr

BOBBY CAIN,

    *Defendant-Appellant,*

ROBERT CAIN,

    *Defendant.*

---

[*] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

**FOR APPELLEE:**    Michael Krouse and Karl Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**    Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Collen McMahon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **AFFIRMED**, and the cause is **REMANDED** for the limited purpose of permitting the District Court to conform the written judgment to its oral ruling regarding Cain's obligation to make restitution payments amounting to 10 percent of his gross monthly income.

Defendant-appellant Bobby Cain appeals from a judgment of conviction for conspiracy to rob commercial establishments entered on May 12, 2015, following a guilty plea before the Honorable Colleen McMahon in the Southern District of New York. On May 11, 2015, the District Court sentenced Cain to 71 months' imprisonment, three years' supervised release, and restitution in the amount of $4,608. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Cain claims that that the District Court considered impermissible factors at sentencing. *See United States v. Leung*, 40 F.3d 577, 586 (2d Cir. 1994). Upon review of the record in its entirety, we conclude that Cain's claim does not warrant relief. *See United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994). The claim focuses on some of the sentencing judge's statements in isolation, but in context, it is clear that the statements were only comments on the unfortunate circumstances of Cain's early years.

Nevertheless, a limited remand is appropriate in order to permit the District Court to correct and conform its written judgment to the terms pronounced orally at sentencing. With regard to Cain's restitution obligations, the District Court's written judgment reflected a 15 percent monthly installment payment even though the District Court explicitly stated at sentencing that Cain was responsible for "monthly installments of 10 percent" of his gross monthly income commencing after his release from custody. A. 111. We have held that "[w]here an unambiguous oral sentence conflicts with the written judgment, the constitutional right of a defendant to be present at sentencing dictates that the oral pronouncement of sentence must control." *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999). Because the District Court's oral pronouncement was

unambiguous in requiring Cain to pay 10 percent of his monthly income, we remand the cause with instructions to correct the written judgment.

## CONCLUSION

We have considered all of the arguments raised by defendant-appellant on appeal and find them to be without merit except with respect to correcting the written judgment to conform with the District Court's controlling oral pronouncement. For the foregoing reasons, we **AFFIRM** the judgment of conviction and **REMAND** the cause for the limited purpose of permitting the District Court to conform the written judgment to its oral ruling regarding Cain's obligation to make restitution payments amounting to 10 percent of his gross monthly income.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk